## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Borchardt,<br><br>            Plaintiff,<br><br>vs.<br><br>Credit Bureau of New Ulm, Inc. d/b/a Phoenix Management Systems,<br><br>            Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by Plaintiff Craig Borchardt, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.,

### JURISDICTION

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

4.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.  Plaintiff Craig Bordchardt (hereinafter "Plaintiff") is a natural person that resides in the County of Carver, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant, Credit Bureau of New Ulm, Inc. d/b/a Phoenix Management Systems, Inc. (hereinafter "Defendant"), is a Domestic Business Corporation, organized under the Laws of Minnesota, operating from an address of: 24 North Front Street, New Ulm, MN 56073.

7.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff allegedly incurred a financial obligation with Consulting Radiologists, Ltd., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9.  The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Sometime on or before October 7, 2015, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff. *See* **EXHIBIT** 1.

11.    On or about October 7, 2015, Defendant sent Plaintiff a letter by mail in an attempt to collect a debt. *See id.*

12.    On or about October 16, 2015, Plaintiff sent Defendant a response letter by priority mail (Tracking Number 9405510200830887867696), disputing the alleged debt and requesting verification of it. *See* **EXHIBIT** 2.

13.    On or about October 16, 2016, Plaintiff called Defendant by telephone and spoke to a representative to confirm his correct address. Defendant's representative confirmed the correct address and told Plaintiff it would send an invoice to Plaintiff as requested.

14.    Upon information and belief, no further communication occurred between Plaintiff and Defendant between October 16, 2015 and November 11, 2015.

15.    On or about November 11, 2015, Plaintiff received a call from one of Defendant's representatives, asking for payment of the alleged debt. Plaintiff never received verification of the debt, or any response to his dispute letter. Plaintiff, during the November 11, 2015 phone call, asked Defendant's representative if it had received his dispute letter and request for validation. Defendant's representative confirmed that Defendant had received Plaintiff's letter but indicated she was unable to see it. Plaintiff once more advised Defendant of his correct address and told Defendant not to call again.

16.    Upon information and belief, after November 11, 2015 Defendant also reported the alleged debt to one or more credit reporting bureaus.

17.  Upon information and belief, as of March 15, 2016, Defendant has not sent Plaintiff verification of the disputed debt.

18.  Upon information and belief, Defendant continues to report the disputed debt to one or more credit reporting bureaus.

19.  Upon information and belief, Defendant has not notified any credit reporting agency to which it is reporting that the Consulting Radiologists, Ltd. debt is disputed.

20.  Defendant violated 15 U.S.C. § 1692g(b) by failing to cease collection of the alleged debt until verification of the alleged debt had been mailed, despite receipt of Plaintiff's written dispute within thirty-days of Defendant's initial communication.

21.  Defendant violated 15 U.S.C. § 1692e generally and 15 U.S.C. § 1692e(8)&(10) specifically by reporting a disputed debt to one or more credit bureaus before providing Plaintiff verification and/or failing to report that the debt is disputed.

22.  Plaintiff has incurred actual damages in the forms of nervousness, fear of answering the phone, sleeplessness, as well as, other forms of emotional distress.

23.  Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

## Respondeat Superior Liability

24.  The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

25.     The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

26.     By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

27.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

28.     Plaintiff is entitled to and hereby demands a trial by jury. US CONST. Amend. 7. FED. R. CIV. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

29.     Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

30.     The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

31.     As a result of said violations, Plaintiff has suffered actual damages in the form of fear of anxiety, sleeplessness, other forms of emotional distress, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.     As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

33.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

Dated:  October 27, 2016.                    **MARSO & MICHELSON, P.A.**

By: s/Marcus J. Hinnenthal

Marcus J. Hinnenthal (Bar No: 0386756)
Blake R. Bauer (Bar No: 0396262)
Attorneys for Plaintiff
Marso & Michelson, P.A.
3101 Irving Avenue South
Minneapolis, Minnesota
Telephone: 612-821-4817
Fax: 612-821-4826
Email: mhinnenthal@marsomichelson.com